**PSGM LAW**
PACE · SELDEN · GILMAN · MARKS

7901 N. 16TH STREET STE 200
PHOENIX, AZ  85020
TELEPHONE (602) 851-8799
WWW.PSGMLAW.COM
Julie A. Pace, AZBN 014585
(pro hac vice being filed)
jpace@psgmlaw.com
David A. Selden, AZBN 007499
dselden@psgmlaw.com
(pro hac vice being filed)
*Attorneys for Defendant*

The Law Offices of Gary M. Gitlin, APLC
Gary M. Gitlin Bar No. 70965
15760 Ventura Blvd. Suite 1200
PO Box 80156
Encino, CA 91436
818-450-3619 ext 301
garyg@gitlinesq.com
*Attorney for Defendant*

**PSGM LAW**
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA  85020

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER COMSTOCK<br><br>                    Plaintiff,<br><br>v.<br><br>PACIFIC WEST BUILDERS, INC.<br><br>                    Defendant | NO: 2:23-cv-06495<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION** |

Pursuant to 28 U.S.C. § 1446(d), Defendant Pacific West Builders, Inc. hereby files this Notice of Removal of this case from the Superior Court of the State of California, Riverside County, to the United States District Court for the Central District of California, and submit the following statements as grounds for removal.

1.      On June 20, 2023, Plaintiff Christopher Comstock ("Plaintiff"), through his

1000460.3

counsel, filed a Complaint in the Superior Court of the State of California for Riverside County, captioned *Christopher Comstock v. Pacific West Builders, Inc.*, No. CVPS2302933. served July 11, 2023.

2. Pursuant to 28 U.S.C. §1446(a), Defendant has attached hereto as Exhibit A copy of all process, pleadings, and orders served upon Defendant in this action.

3. The Verification from the counsel of record for Defendant that true and complete copies of all pleadings and other documents filed in the State Court proceeding have been filed herewith is attached as Exhibit B.

4. This Notice of Removal is timely filed within 30 days of service pursuant to 28 U.S.C. § 1446(b).  Plaintiff accomplished service of process on Defendant on July 11, 2023.

5. Defendant Pacific West Builders, Inc. is the sole defendant.

6. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

7. Removal is appropriate under 28 U.S.C. §§ 1332 and 1441 because the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.

8. For purposes of determining diversity of citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

9. Defendant Pacific West Builders Inc. is a citizen of Idaho because it is incorporated under the laws of Idaho, and its principal place of business is in Idaho at 430 E. State St. Suite 100, Eagle, Idaho, 83616..  Pacific West Builders, Inc. does business in California as Idaho Pacific West Builders Inc.  [*Declaration of Zack Deboi*, Exhibit D].

10. Plaintiff's Complaint alleges that he is a resident of Los Angeles County California.  [*Plaintiff's Complaint* at ¶ 1].  Alternatively, on information and belief, Plaintiff is a resident of Prescott, Arizona, which is the residence that is in the Company's records and was on Plaintiff's unemployment claim after his separation from the Company.  [*Declaration*

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

1000460.3

*of Zack Deboi*, Exhibit D].

11.     Defendants are filing a copy of this Notice of Removal with the Clerk of the Superior Court for the State of California in and for Riverside County and serving a copy on Plaintiff's counsel in accordance with 28 U.S.C. § 1446.  A copy of the Notice provided to the State Court (without exhibits) is attached to this Notice as Exhibit C.

12.     Plaintiff has also named Does 1-10.  Pursuant to 28 U.S.C. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of determining diversity of citizenship.

13.     Defendant hereby requests that this case be removed from the California Superior Court to this Court.

DATED this 9th day of August, 2023.

THE LAW OFFICES OF GARY M. GITLIN, APLC

By:_____
        Gary M. Gitlin
        *Attorney for Defendant*

**PSGM LAW**

By:___/s/_____
        Julie A. Pace
        David A. Selden
        *Attorneys for Defendant*

Original of the foregoing e-filed this
 9   day of August, 2023.

COPY of the foregoing mailed and emailed:

Michael J. Faber
Law Offices of Michael J. Faber
12424 Wilshire Blvd. 9th Floor
Los Angeles, CA 90025
mfaber@faberlaw.net

_____

-3-

1000460.3

**PSGM LAW**
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

# TAB A

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov
CVPS2302933: COMSTOCK vs PACIFIC WEST BUILDERS, INC.
Civil
Unlimited Civil Wrongful Termination
Palm Springs Courthouse Department PS1
Status: Active

| Complaints | File Date | Disposition |
|---|---|---|
| Complaint for Wrongful Termination (Over $25,000) of CHRISTOPHER COMSTOCK | 06/22/2023 | |
| Plaintiff(s) | Defendant(s) | |
| CHRISTOPHER COMSTOCK | PACIFIC WEST BUILDERS, INC. | |
| ATT: LAW OFFICES OF MICHAEL J. FABER | | |

| Date | Action |
|---|---|
| 06/22/2023 | Case assigned to Department: Department PS1 |
| 06/22/2023 | Complaint for Damages Filed By: CHRISTOPHER COMSTOCK |
| 06/22/2023 | Civil Case Cover Sheet Filed By: CHRISTOPHER COMSTOCK |
| 06/22/2023 | Certificate of Counsel. Filed By: CHRISTOPHER COMSTOCK |
| 06/22/2023 | Summons Issued and Filed Filed By: CHRISTOPHER COMSTOCK |
| 06/22/2023 | Notice of Document Quality Assurance |
| 06/22/2023 | Payment: $1.85,  OneLegal, for COMSTOCK, CHRISTOPHER, Receipt: EFM20230622-00710 |
| 06/22/2023 | Payment: $450.00,  OneLegal, for COMSTOCK, CHRISTOPHER, Receipt: EFM20230622-00710 |
| 06/22/2023 | Notice of Department Assignment |
| 06/22/2023 | Notice of Case Management Conference Complaint for Wrongful Termination (Over $25,000) |
| 07/12/2023 | Proof of Service on Complaint for Wrongful Termination (Over $25,000) of CHRISTOPHER COMSTOCK Service Type: Personal Service Date Served: 07/11/2023 |

Superior Court of California, County of Riverside
Register of Actions
www.riverside.courts.ca.gov

CVPS2302933: COMSTOCK vs PACIFIC WEST BUILDERS, INC.
Civil
Unlimited Civil Wrongful Termination
Palm Springs Courthouse Department PS1
Status: Active

| Date | Action |
|------|--------|
| | Additional Document Served: Alternative Dispute Resolution (ADR) package |
| | Additional Document Served: Certificate of Counsel |
| | Additional Document Served: Civil Case Cover Sheet |
| | Additional Document Served: Notice of Case Management Conference |
| | Additional Document Served: Notice of Department Assignment |
| | Additional Document Served: OTHER: CRD Right to Sue Package |
| | Filed By: CHRISTOPHER COMSTOCK |
| | Against / As To: PACIFIC WEST BUILDERS, INC. |
| 07/12/2023 | Payment: $1.85,  OneLegal, for COMSTOCK, CHRISTOPHER, Receipt: EFM20230712-02165 |
| 12/19/2023 | Case Management Conference at 8:30 AM in Department PS1 |

Electronically FILED by Superior Court of California, County of Riverside on 06/22/2023 08:27 AM
Case Number CVPS2302933 0000061870615 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jacqueline Reyes, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Pacific West Builders, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Christopher Comstock

GC68150(g)

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside Superior Court

3255 E Tahquitz Canyon Way, Palm Springs, CA. 92262

| CASE NUMBER:<br>*(Número del Caso).* |
|---|
| CVPS2302933 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Faber, 12424 Wilshire Blvd., 9th Floor, Los Angeles, CA 90025; Tel: 310-442-6610

DATE: ~~June 21, 2023~~ JR                    Clerk, by _Jacqueline Reyes_ , Deputy
*(Fecha)* 06/22/2023                    *(Secretario)* _____ _____ *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* PACIFIC WEST BUILDERS, INC., a corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

Electronically FILED by Superior Court of California, County of Riverside on 06/22/2023 08:27 AM
Case Number CVPS2302933 0000061870612 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jacqueline Reyes, Clerk

MICHAEL J. FABER, Bar No. 89149
Attorney at Law
12424 Wilshire Blvd., 9th Floor
Los Angeles, California 90025
(310) 442-6610 (Telephone)
(310) 442-6612 (Facsimile)
email: mfaber@faberlaw.net

Attorney for Plaintiff
CHRISTOPHER COMSTOCK, an individual

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| CHRISTOPHER COMSTOCK, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> PACIFIC WEST BUILDERS, INC., a corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.  CVPS2302933 <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. **WRONGFUL TERMINATION IN VIOLATION OF FEHA – AGE DISCRIMINATION** <br><br> 2. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY – LABOR CODE §6310** <br><br> 3. **RETALIATION IN VIOLATION OF LABOR CODE §1102.5** <br><br> 4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** <br><br> **JURY TRIAL DEMAND** |

---

1

Complaint for Damages; Request for Jury Trial

C:\Users\mfabe\OneDrive\Documents\DOCS – C\Comstock. Chris\Complaint.wpd

## INTRODUCTORY ALLEGATIONS

1. Plaintiff Christopher Comstock is, and at all times relevant hereto was, a resident of the State of California, County of Los Angeles.

2. Plaintiff is informed and believes, and thereon alleges, that defendant Pacific West Builders, Inc. ("Pacific West") is, and at all times relevant hereto was, a corporation authorized and doing business within the State of California, County of Riverside.

3. The true names and capacities of defendants Does 1 to 10, inclusive, whether individual, corporate, associate or otherwise, are not known to plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is somehow responsible for the damage complained of herein, and plaintiff will pray leave to amend this complaint to show their true names and capacities when same have been ascertained.

4. At all times herein mentioned, each defendant was the agent, servant and employee of its remaining co-defendants, and was at all times acting within the course and scope of said agency, service or employment.

5. In or about November, 2021, plaintiff became employed by defendant Pacific West to serve as Construction Superintendent on a project known as Arroyo Crossing Apartments in Indio, California earning about $100,000 per year, plus incentive compensations, bonuses, benefits, and the like, such that his total compensation package exceeded $200,000 per year.

6. In summer of 2022, plaintiff became concerned about unsafe working conditions for the employees under his supervision, specifically because of excessively high temperatures, sometimes over 115 degrees, which he reasonably believed endangered the employees' health and safety. Responding to such conditions, plaintiff instituted safety precautions, including, if nothing else was sufficient to ameliorate the dangers to the workers, shutting down the worksite until conditions became safe.

2

7. As a consequence of plaintiff's actions, defendant complained that he was costing it production time, and that his elevation of employee safety over profits was a concern. No action was taken against plaintiff at that time, but in 2023, when temperatures began to climb again, plaintiff wrote to his superiors that he would likely need to shut down the project again if his employees' were endangered but excessive heat, and that the safety of the workers trumps the construction schedule.

8. Mere days after plaintiff wrote to his superiors emphasizing the need to protect his workers from the dangers of excessive heat, plaintiff's immediate boss, Richard Castleton, defendant's General Superintendent, called plaintiff and told him his employment was terminated. During the conversation, Mr. Castleton asked plaintiff his age, and when plaintiff answered he was about to turn 63 years old, Mr. Castleton remarked that he had just turned 60 and was "not quite what I used to be," implying that plaintiff was no longer as tough or committed to his job due to his age as he had been.

9. Plaintiff is informed and believes, and thereon alleges, that his complaints, concerns, and actions to protect health and safety in the workplace, defendant's anxiety that he those concerns would affect production and profitability, and that he might report those issues to state or federal authorities, were motivating factors in his termination. Plaintiff is further informed and believes, and thereon alleges, that his age, nearly 63, was also a substantial motivating reason for the decision to terminate his employment.

## FIRST CAUSE OF ACTION
### (Age Discrimination–FEHA)

10. Plaintiff incorporates by reference paragraphs 1 through 9 of the Introductory Allegations as though fully set forth herein.

11. The conduct of the defendants described above constitutes age discrimination in the work place in violation of California public policy and the California Government Code Sections 12940 et seq., and was a substantial factor in causing damages and injury to plaintiff as described below.

3

12.   As a proximate result of the retaliation of the defendants, and each of them, plaintiff has suffered loss of wages, bonuses, vacation pay and other special damages in an amount to be set forth at time of trial.

13.   As a further proximate result of defendants' tortious conduct as hereinbefore alleged, plaintiff was caused to become seriously and severely emotionally upset and depressed.  He has suffered, and continues to suffer, anxiety, worry, loss of appetite, loss of sleep, embarrassment, humiliation and mental anguish all to his damage and detriment in an amount unspecified at present, and which will be subject to proof at time of trial.

14.   The acts of defendants were done intentionally, willfully, oppressively, fraudulently and maliciously.  The acts complained of were performed, authorized and/or ratified by defendants' officers, directors and managing agents, thereby entitling plaintiff to punitive and exemplary damages according to proof.

15.   Pursuant to Government Code Sections 12940 et seq., plaintiff also has incurred attorney's fees, and seeks an award thereof.

16.   Plaintiff filed a timely Complaint with the Department of Fair Employment and Housing, and has been issued a Right to Sue letter.  Accordingly, plaintiff has exhausted his administrative remedies under the Government Code.

## SECOND CAUSE OF ACTION

(Wrongful Termination In Violation Of

Public Policy– Labor Code §6310)

17.   Plaintiff incorporates by reference the allegations of Paragraphs 1 through 9 of the Introductory Allegations as though fully set forth herein.

18.   At all times relevant, California Labor Code §6310 and related federal and state statutes and regulations were in force and represented the fundamental public policy of the State of California, to wit that employees are protected from retaliation for making complaints about health and safety issues in the workplace.

19.   Plaintiff is informed and believes, and thereon alleges, that at least one motivating factor for his termination, was retaliation for his complaints and actions

4

Complaint for Damages; Request for Jury Trial

C:\Users\mfabe\OneDrive\Documents\DOCS – C\Comstock, Chris\Complaint.wpd

about health and safety issues at the Arroyo Crossing worksite, his insistence on ameliorating those health and safety issues, and/or defendant's concern that he would report those issues to OSHA or Cal-OSHA.

20. As a proximate result of defendant's termination of plaintiff's employment, plaintiff has suffered and continues to suffer loss of wages, bonuses, vacation pay, and other special damages in an amount to be set forth at trial.

21. As a further proximate result of defendant's tortious conduct as hereinbefore alleged, plaintiff was caused to become seriously and severely emotionally upset and depressed. He has suffered, and continues to suffer anxiety, worry, loss of appetite and loss of sleep, all to his detriment and damage in an amount unspecified at present, and which will be subject to proof at the time of trial. Plaintiff therefore seeks general damages for such mental and emotional distress according to proof at trial.

22. The acts of defendant were done intentionally, willfully, oppressively, fraudulently, and maliciously. The acts complained of were performed, authorized and ratified by defendant's officers, directors and managing agents, thereby entitling plaintiff to punitive and exemplary damages according to proof.

### THIRD CAUSE OF ACTION
### (Violation of Labor Code §1102.5)

23. Plaintiff incorporates by reference paragraphs 1 through 9 of the Introductory Allegations as though fully set forth herein.

24. The conduct of the defendants described above was in violation of Labor Code §1102.5 et seq., and was a substantial factor in causing damages and injury to plaintiff as described below.

25. As a proximate result of the retaliation of the defendants, and each of them, plaintiff has suffered loss of wages, bonuses, vacation pay and other special damages in an amount to be set forth at time of trial.

26. As a further proximate result of defendants' tortious conduct as hereinbefore alleged, plaintiff was caused to become seriously and severely

5

emotionally upset and depressed. He has suffered, and continues to suffer, anxiety, worry, loss of appetite, loss of sleep, embarrassment, humiliation and mental anguish all to his damage and detriment in an amount unspecified at present, and which will be subject to proof at time of trial.

27.    The acts of defendants were done intentionally, willfully, oppressively, fraudulently and maliciously. The acts complained of were performed, authorized and/or ratified by defendants' officers, directors and managing agents, thereby entitling plaintiff to punitive and exemplary damages according to proof.

### FOURTH CAUSE OF ACTION

### (Wrongful Termination In Violation of Public Policy)

28.    Plaintiff incorporates by reference Paragraphs 1 though 9 of the Introductory Allegations as though fully set forth herein.

29.    Defendant's termination of plaintiff's employment was wrongful and in violation of California public policy as set forth in such statutes as, but not necessarily limited to, the Fair Employment and Housing Act, Government § 12940, et seq., Labor Code § 1102.5 et seq., and the regulations promulgated under those statutes.

30.    As a proximate result of defendant's wrongful conduct, plaintiff has suffered and continues to suffer loss of wages, bonuses, vacation pay, and other special damages in an amount to be set forth at time of trial.

31.    As a further proximate result of defendant's tortious conduct as hereinbefore alleged, plaintiff was caused to become seriously and severely emotionally upset and depressed. He has suffered, and continues to suffer anxiety, worry, and loss of sleep, all to his detriment and damage in an amount unspecified at present, and which will be subject to proof at the time of trial. Plaintiff therefore seeks general damages for such mental and emotional distress according to proof at trial.

32.    The acts of defendants were done intentionally, willfully, oppressively, fraudulently, and maliciously. The acts complained of were performed, authorized

6

C:\Users\mfabe\OneDrive\Documents\DOCS – C\Comstock, Chris\Complaint.wpd

and ratified by defendants' officers, directors and managing agents, thereby entitling plaintiff to punitive and exemplary damages according to proof.

WHEREFORE, plaintiff prays judgment as follows:

1.      Damages for lost wages and other special damages in an amount to be set forth at time of trial;

2.      Damages for plaintiff's emotional pain and suffering in an amount to be set forth at time of trial;

3.      Punitive and exemplary damages according to proof;

4.      Attorney's fees and costs of suit in amounts to be set forth at time of trial; and,

5.      For such other and further relief as the Court may deem just and proper.


Dated:  June 20, 2023

/s/ Michael J. Faber

MICHAEL J. FABER
Attorney for Plaintiff
CHRISTOPHER COMSTOCK

Complaint for Damages; Request for Jury Trial

C:\Users\mfabe\OneDrive\Documents\DOCS – C\Comstock, Chris\Complaint.wpd

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury.

Dated:  June 20, 2023

/s/ Michael J. Faber

MICHAEL J. FABER
Attorney for Plaintiff
CHRISTOPHER COMSTOCK

Complaint for Damages; Request for Jury Trial

C:\Users\mfabe\OneDrive\Documents\DOCS -- C\Comstock, Chris\Complaint.wpd



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

June 12, 2023

Michael Faber
12424 Wilshire Blvd., 9th Floor
Los Angeles, CA 90025

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202306-20954912
       Right to Sue: Comstock / Pacific West Builders, Inc.

Dear Michael Faber:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

June 12, 2023

RE:   **Notice of Filing of Discrimination Complaint**
       CRD Matter Number: 202306-20954912
       Right to Sue: Comstock / Pacific West Builders, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

June 12, 2023

Christopher Comstock
8801 Eton Ave., Space 139
Canoga Park, CA 91304

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202306-20954912
      Right to Sue: Comstock / Pacific West Builders, Inc.

Dear Christopher Comstock:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective June 12, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 02/23)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Christopher Comstock                                    CRD No. 202306-20954912

                                        Complainant,

vs.

Pacific West Builders, Inc.
430 East State St., Ste. 100
Eagle, ID 83616

                                        Respondents

_____

1. Respondent **Pacific West Builders, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Christopher Comstock**, resides in the City of **Canoga Park,** State of **CA.**

3. Complainant alleges that on or about **April 24, 2023,** respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's age (40 and over) and as a result of the discrimination was terminated.

**Additional Complaint Details:** Complainant was terminated shortly after being asked his age, almost 63 at the time, and it was suggested that his age had slowed him down and diminished his capabilities. Complainant believes that his age was one of the motivating reasons for his termination.

-1-
*Complaint – CRD No. 202306-20954912*

Date Filed: June 12, 2023

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Michael J. Faber**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On June 12, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-2-
*Complaint – CRD No. 202306-20954912*

Date Filed: June 12, 2023

CRD-ENF 80 RS (Revised 12/22)

RI-ADR001-INFO



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*

### \*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. \*\*\*

---

## What is ADR?

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:

- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:

- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:

- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:

- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

**Page 1 of 2**

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

Arbitration may be appropriate when the parties:
- ☑ want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- ☑ do not want to risk going through both arbitration and trial (Judicial Arbitration)
- ☑ do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - ☑ Your preferences for mediation or arbitration.
   - ☑ Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- ☑ The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- ☑ Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

**Page 2 of 2**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:             FAX NO. (*Optional*): <br> E-MAIL ADDRESS (*Optional*): <br> ATTORNEY FOR (*Name*): | |
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | CASE MANAGEMENT CONFERENCE DATE(S): |

### STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration          ☐ Other (describe): _____

Proposed date to complete ADR: _____

### SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

| (PRINT NAME OF PARTY OR ATTORNEY) <br> ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
|---|---|---|
| (PRINT NAME OF PARTY OR ATTORNEY) <br> ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) <br> ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) <br> ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |

**Page 1 of 1**

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001  [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Statutory Authority
riverside.courts.ca.gov/localfms/localfms.shtml

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2302933

**Case Name:**    COMSTOCK vs PACIFIC WEST BUILDERS, INC.

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Kira L. Klatchko in Department PS1  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.



| | |
|---|---|
| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 06/22/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by:   *Jacqueline Reyes*

J. Reyes, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**   CVPS2302933

**Case Name:**   COMSTOCK vs PACIFIC WEST BUILDERS, INC.

MICHAEL FABER
12424 WILSHIRE BLVD., 9TH FLOOR
Los Angeles, CA 90025

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/19/2023 | 8:30 AM | Department PS1 |
| Location of Hearing:<br>3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-520-9376 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.


Dated: 06/22/2023                              JASON B. GALKIN,
                                               Court Executive Officer/Clerk of the Court


                                               by:  *Jacqueline Reyes*
                                                    _____
                                                    J. Reyes, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2302933

**Case Name:**    COMSTOCK vs PACIFIC WEST BUILDERS, INC.

CHRISTOPHER COMSTOCK

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/19/2023 | 8:30 AM | Department PS1 |
| Location of Hearing: 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-520-9376 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/22/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Jacqueline Reyes*

J. Reyes, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2302933

**Case Name:**    COMSTOCK vs PACIFIC WEST BUILDERS, INC.


PACIFIC WEST BUILDERS, INC.

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/19/2023 | 8:30 AM | Department PS1 |
| Location of Hearing:<br>   3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | | |


No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.


**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-520-9376 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/22/2023

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Jacqueline Reyes*

J. Reyes, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVPS2302933

FABER, MICHAEL                          COMSTOCK, CHRISTOPHER
12424 WILSHIRE BLVD., 9TH FLOOR
Los Angeles, CA 90025


PACIFIC WEST BUILDERS, INC.

# TAB B

## PSGM LAW

PACE · SELDEN · GILMAN · MARKS

7901 N. 16TH STREET STE 200
PHOENIX, AZ 85020
TELEPHONE (602) 851-8799
WWW.PSGMLAW.COM
Julie A. Pace, AZ SBN 014585
jpace@psgmlaw.com
David A. Selden, AZ SBN 007499
dselden@psgmlaw.com
*Attorneys for Defendant*

The Law Offices of Gary M. Gitlin
Gary M. Gitlin Bar No. 70965
15760 Ventura Blvd. Suite 1200
PO Box 80156
Encino, CA 91436
818-450-3619 ext 301
garyg@gitlinesq.com
*Attorney for Defendant*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE**

| | |
|---|---|
| CHRISTOPHER COMSTOCK | CASE NUMBER: CVPS2302933 |
| Plaintiff, | **NOTICE OF REMOVAL TO US DISTRICT COURT** |
| v. | |
| PACIFIC WEST BUILDERS, INC. | **Department:  PS1** |
| Defendant | |

TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR RIVERSIDE COUNTY AND TO PLAINTIFF CHRISTOPHER COMSTOCK AND HIS ATTORNEY OF RECORD:

PURSUANT TO 28 U.S.C. § 1446(d) NOTICE IS HEREBY GIVEN that Defendant Pacific West Builders, Inc. has on this date filed a Notice of Removal, a copy of which is attached, in the Office of the Clerk of the United States District Court for the Central District of California.  This action is hereby removed from this Court to the United States District

1000459.1

**PSGM LAW**
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

Court for the Central District of California.

Pursuant to 28 U.S.C. § 1446(d), this Court shall not proceed further with this action unless and until this action is remanded.

DATED this 8th day of August, 2023.

THE LAW OFFICES OF GARY M. GITLIN

By: _____

Gary M.Gitlin
*Attorney for Defendant*

PSGM Law

By: ___/s/_____

Julie A. Pace
David Selden
*Attorneys for Defendant*

Original of the foregoing e-filed this
__9__ day of August, 2023.

COPY of the foregoing mailed and emailed:

Michael J. Faber
Law Offices of Michael J. Faber
12424 Wilshire Blvd. 9th Floor
Los Angeles, CA 90025
mfaber@faberlaw.net

_____

PSGM LAW
7901 N. 16TH STREET, SUITE 200
PHOENIX, ARIZONA 85020

-2-

1000459.1

# TAB C

## <u>VERIFICATION</u>

I, Julie A. Pace, under penalty of perjury, declare that the following is true and correct:

1.     I am over the age of 18 years, and I am competent to make this Verification.

2.     I am a partner at PSGM Law.

3.     PSGM Law represents Defendant Pacific West Builders, Inc. dba Idaho Pacific West Builders Inc.

4.     I verify that to the best of my knowledge and belief, Defendant has submitted as Exhibit A to its Notice of Removal the complete record for Case No. CVPS2302933 pending in the Superior Court of the State of California in and for Riverside County.

Dated: August 8, 2023

Julie A. Pace

# TAB D

## DECLARATION

I, Zack Deboi, under penalty of perjury, declare that the following is true and correct:

1.    I am over the age of 18 years, and I am competent to make this declaration.

2.    I am the Chief Financial Officer of Defendant Pacific West Builders, Inc. doing business in California as Idaho Pacific West Builders Inc.

3.    Pacific West Builders, Inc. is incorporated under the laws of the State of Idaho.

4.    Pacific West Builders, Inc. is authorized to transact business in California as a foreign entity.

5.    Idaho is the primary place of business for Pacific West Builders.

6.    The address that the Company has on file for Plaintiff Christopher Comstock is in Prescott, Arizona.

Dated:  August 8, 2023

_____
Zack Deboi

1000767.1